UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                Plaintiff,

        v.

NYC HEALTH & HOSPITALS, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

18-CV-4665 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Pending before the Court is Defendant New York City Health and Hospital Corporation's[1] motion to dismiss this action. For the reasons provided below, the motion is GRANTED.

## BACKGROUND

The Court presumes the parties' familiarity with the facts of this case. It will now recount only that procedural history that is relevant to the pending motion.

On March 29, 2016, Torres commenced litigation in *Torres v. Bellevue South Associates, et al.* (hereinafter "*Torres I*"). No. 16-CV-2362 (RA) (KNF) at Dkt. 1. On October 24, 2016, Torres filed an Amended Complaint, adding claims against HHC. *Id*. Dkt. 33. Torres filed a motion for leave to file a second amended complaint on June 22, 2017. *Id*. Dkt. 87. Magistrate Judge Fox granted this motion as it pertained to Defendants Dennis McGowan, Dr. Aaron Buckland, and several fire department personnel, but denied it as to the remaining Defendants, including HHC. *See id*. at Dkt. 218.

On May 25, 2018, Torres commenced the instant action (hereinafter, "*Torres II*"), filing the second amended complaint rejected by the Court in *Torres I* as the operative complaint. No. 18-CV-4665 (RA) (KNF) at Dkt. 2.

---

[1] Defendant New York City Health and Hospital Corporation was sued here as "New York City Health & Hospital." It was sued in Case Number 16-CV-2362 as "Bellevue Hospital." For simplicity, the Court will now refer to it as "HHC."

On June 18, 2018, this Court granted HHC's motion for summary judgment in *Torres I*, having found that Torres failed to present any evidence that HHC violated Torres's constitutional rights. No. 16-CV-2362 at Dkt. 392 at 15–18.

## DISCUSSION

HHC asks the Court to dismiss this action under the prior pending action doctrine because it is duplicative of *Torres I*. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). A "plaintiff[] ha[s] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139.

The Court concludes that *Torres I* and the instant case are indeed duplicative. *See infra*. However, because Torres's claims against HHC are no longer pending in *Torres I*, the prior pending action doctrine does not apply here. *See Stocking v. Pulvirenti*, No. 14-CV-1772 (MPS), 2015 U.S. Dist. LEXIS 83831, 2015 WL 3952591, *2 (D. Conn. June 29, 2015) (holding that when a motion to dismiss an action as duplicative is filed after the first-filed action is resolved claim preclusion, rather than the prior pending action doctrine, should apply); *see also Gustavia Home LLC v. Brown*, 16-CV-9318 (JCF), 2017 U.S. Dist. LEXIS 150270, *4 (S.D.N.Y. Sept. 15, 2017) ("'[R]eliance on the prior pending action doctrine is misplaced' where [the prior] case 'is no longer pending.'" (quoting *Zigmund v. Foster*, 106 F. Supp. 2d 352, 363 (D. Conn. 2000))).

Instead, the Court concludes that dismissal is warranted under the doctrine of collateral estoppel, otherwise known as issue preclusion. Def. Mem. at 7.[2] Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation

---

[2] HHC asserts that both claim and issue preclusion apply here. Def. Mem. at 7. Because the Court finds the action warrants dismissal under issue preclusion, it need not assess HHC's claim preclusion argument.

2

of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Issue preclusion applies when:

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 593 (2d Cir. 1991). Here, the Court finds all four factors satisfied.

The issues raised in both *Torres I* and *Torres II* are identical. In *Torres I*, Torres claimed that HHC harmed him by assaulting him on three occasions, "forcibly inject[ing] [him] with drugs that put [him] to sleep," and holding him against his will for 24 hours. *See* No. 16-CV-2362 at Dkt. 76 (operative complaint in *Torres I*) ¶ 15. The Court interpreted these accusations as raising claims under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments, as well as state law. *See id*. Dkt. 392 at 15 (opinion granting summary judgment to HHC, construing Torres's claims against HHC as such). In *Torres II*, Torres complained of the same conduct, and asserted that it violated same constitutional provisions. *See* No. 18-CV-4665 at Dkt. 2 at 2 (complaint in *Torres II*, alleging violation of "[t]he First, Fourth, and Fourteenth amendments to the United States Constitution" and raising "[p]endent state law claims"). Although the factual allegations in *Torres II* are somewhat more fulsome, they chronicle the same events and raise the same legal claims as did the allegations in *Torres I*. The issues are thus identical.

Further, these issues were actually litigated and decided in *Torres I*, where the Court granted HHC summary judgment and dismissed the claims against it with prejudice. *See* No. 16-CV-2362, Dkt. 392 at 19; *see also Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendants."). And the Court's conclusion in *Torres I* that HHC did not violate Torres' constitutional rights was central to the Court's judgment on the merits of that action, satisfying the fourth factor as well.

Finally, Torres bears "the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues." *Kulak v. City of New York*, 88 F.3d 63, 72 (2d Cir. 1996). Torres has failed to bear this burden. Indeed, the record clearly establishes that Torres *was* afforded a full and fair opportunity to litigate his claims against HHC in *Torres I*. In that case, Torres filed a 33 page brief in opposition to HHC's motion for summary judgment. No. 16-CV-2362 at Dkt. 232. Judge Fox considered this opposition brief in his report and recommendation on the motion. *Id*. Dkt. 377 at 4–5. Torres then filed several letters objecting to Judge Fox's report and recommendation, *Id*. Dkt. 380, 382, 383, which this Court considered in its opinion granting HHC summary judgment, *Id*. Dkt. 392 at 3–4. These facts demonstrate that Torres was afforded a full and fair opportunity to litigate these issues in *Torres I*. Issue preclusion thus prevents their relitigation here.

## CONCLUSION

For the above-stated reason, the Court grants HHC's motion to dismiss. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 26 and to close this case.

SO ORDERED.

Dated:   January 7, 2021
         New York, New York

                                             RONNIE ABRAMS
                                             United States District Judge